## Elbridge Hanecy, Defendant in Error, v. Cree Publishing Company, Plaintiff in Error.

### Gen. No. 19,405. · (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed March 23, 1915.

### Statement of the Case.

Action on account stated by Elbridge Hanecy, plaintiff, against Cree Publishing Company, defendant.

· To reverse a judgment for plaintiff for one thousand dollars, defendant prosecutes this writ of error.

BRYAN, McCORMICK & WILBER, for plaintiff in error; H. H. McCORMICK, of counsel.

WILLIAM A. ROGAN, for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 906*—*when report of evidence not received as part of record.* Where on an appeal from the Municipal Court of Chicago the record is in two parts, one certified to as the transcript of the record and the other certified to on a later date as an additional record, the latter being in loose form and containing two documents, one certified to by the trial judge as "additional report of proceedings subsequent to the entry of judgment" and the other certified to by him as a correct stenographic report of the evidence introduced and proceedings in the cause, which purports to have been presented, signed and sealed two days after the additional record was certified to by the clerk of the court, but there is nothing to indicate that' such stenographic report became a part of the record below or that it was an actual part

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of the additional transcript when the latter was certified to by the clerk, a motion to strike such stenographic report from the record will be granted.

2. APPEAL AND ERROR, § 1751*—*when judgment affirmed because of insufficient record.* On a writ of error, where the errors relied upon by plaintiff in error are predicated on proceedings of which no record is duly preserved and no error appears on the face of the record, the judgment will be affirmed.